ENGEL v. GORDON et al.

WEISMAN v. SAME.

(Supreme Court, Appellate Term. February 27, 1906.)

1. FRAUDS, STATUTE OF—DEBT OF ANOTHER—PROMISE TO PAY.

K., having contracted to finish skirts by the piece for defendants, and having run behind in his payments to his workmen, told defendants that if they would pay the workmen the skirts would be delivered to them.

Defendants accordingly called at K.'s place, and paid the men on K.'s account such various sums as he stated he owed them, when, instead of delivering all the skirts, a quantity of them were found to be missing, and were traced into the possession of plaintiffs, and recovered by writ of replevin. Plaintiffs thereupon brought suits against defendants on their alleged promise to pay K.'s workmen, claiming that they had rendered service to K. for which he was indebted. *Held*, that defendants' promise to pay K.'s debts, not being in writing, was void under the statute of frauds.

2. CONTRACTS—CONSIDERATION.

Defendants' promise to pay another's workmen on his account was without consideration and void.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Actions by Abraham Engel and Abraham Weisman against Morris Gordon and another. From Municipal Court judgments in favor of the respective plaintiffs, defendants appeal. Reversed.

Argued before SCOTT, P. J., and GIEGERICH and GREENBAUM, JJ.

Joseph Wilkenfeld, for appellants.

GREENBAUM, J. These two actions were brought for work, labor, and services, and were tried upon the theory that defendants agreed to pay the debt of one Krombein, who was indebted to plaintiffs for work, labor, and services. Krombein had undertaken to make up a lot of skirts for defendants, who were large manufacturers. Defendants furnished the materials, and Krombein was to finish them up under contract of payment of a definite sum for each skirt. Defendants had nothing to do with the employés of Krombein, who had hired them for himself, and who alone was under obligation to pay them. The defendants, being unable to get their skirts from Krombein, were told by the latter that he was indebted to his workmen for work done on the skirts, and if defendants would pay these workmen the skirts would be delivered up. Accordingly, the defendants called at Krombein's place, and paid the men on Krombein's account such varying sums as Krombein stated he owed them, and then, instead of delivering to defendants all the skirts for which they were accountable, it was discovered that a quantity of them had not been delivered. Defendants traced the missing goods into the possession of the plaintiffs, Weisman and Engel, and recovered them by writ of replevin. These actions are now brought on the theory that defendants are obligated to pay Weisman, who claims he was a foreman in Krombein's shop, and that Krombein was indebted to him for three weeks' wages as foreman in the sum of $75, and also to pay Engel $125 for wages asserted to be due him by Krombein, under the general promise of defendants that they would pay Krombein's workmen to obtain possession of their goods. It is not shown that these plaintiffs did any work on the strength of the alleged promise of defendants. Indeed, the actual services alleged to have been rendered were not legally proved. Judgment was rendered in favor of each of the plaintiffs.

It is difficult to comprehend under what principle of law these judgments can be upheld. Concededly, the plaintiffs were not employed by defendants; hence no cause of action for work, labor, or services was

established. If it is sought to hold defendants liable on their alleged promise to pay the debts of Krombein, such an agreement was without consideration, and void under the statute of frauds, no memorandum in writing agreeing to pay these alleged debts is shown to have been signed by them.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.